UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTWAN KEVIN BAKER, | Case No. 2:15-cv-01706-RFB-CWH |
|---|---|
| Plaintiff, | SCREENING ORDER |
| v. | |
| CITY OF LAS VEGAS et al., | |
| Defendants. | |

Plaintiff, a former Clark County Detention Center inmate who has since been released, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* for non-prisoners and a motion for service of summons. (ECF No. 1, 1-2, 2). Based on the financial information provided, the Court grants Plaintiff leave to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however,

must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Clark County Detention Center ("CCDC").  (ECF No. 1-2 at 2).  Plaintiff sues Defendants City of Las Vegas, Clark County Detention Center, and State of Nevada.  (*Id.*)  Plaintiff seeks monetary damages.  (*Id.* at 5).

The complaint alleges the following:  While at the CCDC, Defendants failed to protect Plaintiff and were negligent when they permitted Plaintiff to be beaten and detained by inmates Brian Johnson and Victor Gardner.  (*Id.* at 2-3).  Gardner had full blown AIDS and caused Plaintiff to contract HIV through blood contact.  (*Id.* at 3-4).  Prior to August 14, 2014, Plaintiff did not have HIV.  (*Id.* at 3).

The Court dismisses the complaint in its entirety, without prejudice, with leave to amend. Based on the current allegations, there are not enough facts for the Court to determine whether Plaintiff states a colorable claim for failure to protect. Upon amendment, Plaintiff should follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what each specific defendant (by name) did to violate your rights."

Plaintiff should take note of the following law when drafting his amended complaint: Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

In the amended complaint, Plaintiff should describe exactly what happened between him and the other inmates and identify the jail officials who were aware of the situation. Upon amendment, Plaintiff should take note that Defendants CCDC and the State of Nevada are not viable defendants in a § 1983 civil rights action.[1] Thus, Plaintiff should identify the specific jail officials involved.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an

---

[1] The CCDC is an inanimate building, not a person or entity subject to liability. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011). States are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff must file the amended complaint on this Court's approved civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.  If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court shall dismiss this action without prejudice.

The Court also denies Plaintiff's motion for service of summons.  (ECF No. 2). The Court shall order service of Defendants when it is procedurally applicable to do so.

**III.   CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed in district court without prepaying fees or costs for non-prisoners (ECF No. 1) is granted.

It is further ordered that the Clerk of the Court shall file the complaint (ECF No. 1-2).

It is further ordered that the complaint (ECF No. 1-2) is dismissed in its entirety, without prejudice, with leave to amend.

It is further ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

1    It is further ordered that the Clerk of the Court shall send to Plaintiff the approved
2    form for filing a § 1983 complaint, instructions for the same, and a copy of his original
3    complaint (ECF No. 1-2). If Plaintiff chooses to file an amended complaint, he must use
4    the approved form and he shall write the words "First Amended" above the words "Civil
5    Rights Complaint" in the caption.

6    It is further ordered that if Plaintiff fails to file an amended complaint curing the
7    deficiencies outlined in this order, this action shall be dismissed without prejudice.

8    It is further ordered that the motion for service of summons (ECF No. 2) is
9    denied.

11    DATED: February 11, 2016.

_____
UNITED STATES MAGISTRATE JUDGE